# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VERNA LEWIS,

Appellant,

v.

UNITED STATES POSTAL SERVICE,

Agency.

DOCKET NUMBER
NY-0839-14-0278-B-1

DATE: July 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kavin L. Edwards, Esquire, New York, New York, for the appellant.

Donald Spector, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed a decision of the Office of Personnel Management (OPM) denying her request for relief under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's arguments that she experienced a qualifying retirement coverage error based on the U.S. Postal Service's alleged improper failure to reinstate her in April 1983, we AFFIRM the initial decision.

## BACKGROUND

¶2          The appellant formerly was employed by the U.S. Postal Service (the agency) in a Civil Service Retirement System (CSRS) covered position until she resigned on August 12, 1980. Remand File (RF), Tab 20 at 54.[2] Subsequently, she applied for reinstatement with the agency on December 1, 1981, was rehired effective February 4, 1984,[3] and was converted to the Federal Employees' Retirement System (FERS) on January 1, 1987. *Id.* at 58–59, 76, 91. Effective

---

[2] Prior to this, she was employed by the agency from July 7, 1973, until she resigned, effective October 24, 1973. Remand File (RF), Tab 20 at 30–32. On April 3, 1976, she was reinstated and employed by the agency until she resigned for the second time, effective November 14, 1977. *Id.* at 33–35. On June 28, 1980, she was reinstated and employed by the agency until she resigned for the third time, effective August 12, 1980. *Id.* at 53–54.

[3] The appellant was initially appointed under a temporary appointment but was converted to a career appointment on February 18, 1984. RF, Tab 20 at 77.

February 14, 2014, the appellant retired from Federal service on a FERS disability retirement. RF, Tab 21 at 60.

¶3  In 2003, 2004, and 2014, the appellant sent letters to the agency and OPM asserting that she was improperly placed in FERS. Initial Appeal File (IAF), Tab 1 at 7–8, Tab 11 at 2–3, Tab 14, Subtabs 2–3, Tab 20, Subtabs 1–4. The appellant contends that, following her December 1, 1981 request for reinstatement, the agency was required to reinstate her in April 1983, and, in failing to do so, the agency violated various laws, rules, regulations, and the relevant collective bargaining agreement (CBA), committed harmful procedural error, and discriminated against her based on her race, color, and sex. RF, Tab 29 at 1–3. She further contends that, but for the agency's improper and discriminatory actions, she would not have been converted to FERS and would have remained in CSRS. *Id.* at 11–12.

¶4  In response to her correspondence, on May 8, 2014, OPM informed the appellant that she had been properly converted to FERS, effective January 1, 1987, because she had less than 5 years of creditable civilian service as of December 31, 1986. IAF, Tab 1 at 7. On May 20, 2014, the appellant filed a Board appeal contending that she was erroneously placed in FERS and seeking to be placed in CSRS pursuant to FERCCA. IAF, Tab 1.

¶5  Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction because she found that the appellant failed to establish that she had been placed in the wrong retirement plan. IAF, Tab 22, Initial Decision (ID) at 3–4. The administrative judge further found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims of discrimination and harmful procedural error. ID at 4 n.3.

¶6  On review, the Board found that the appellant had established jurisdiction over her appeal because OPM's May 8, 2014 determination that she had not experienced a retirement coverage error constituted a decision that affected her rights or interests under FERCCA. *Lewis v. U.S. Postal Service*, MSPB Docket

No. NY-0839-14-0278-I-1, Remand Order, ¶ 8 (Mar. 20, 2015). Consequently, the Board remanded the appeal to afford the appellant her requested hearing. *Id.*, ¶¶ 9–11.

¶7        On remand, after holding a hearing, the administrative judge issued an initial decision affirming OPM's decision denying the appellant's request for relief under FERCCA. RF, Tab 34, Remand Initial Decision (RID). The administrative judge found that it was undisputed that the agency rehired her on February 4, 1984, and, as of December 31, 1986, she had less than 5 years of Federal service. RID at 5. Thus, the administrative judge found that the appellant was properly converted to FERS on January 1, 1987, as required by law. RID at 3–5. The administrative judge further found that the appellant failed to establish that she had been subject to a qualifying retirement coverage error based on the agency's alleged improper failure to reinstate her in April 1983. RID at 4.

¶8        The appellant has filed a petition for review in which she disputes the administrative judge's finding that she failed to establish that she experienced a qualifying retirement coverage error as a result of the agency's alleged improper failure to reinstate her in April 1983. Remand Petition for Review (RPFR) File, Tab 1 at 1–27. The agency has opposed the appellant's petition,[4] RPFR File, Tab 3, and the appellant has filed a reply, RPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a). An employee may seek relief under FERCCA if the employee experienced a "qualifying retirement coverage error," defined as an "erroneous decision by an employee or agent of the

---

[4] Although the agency's response was due on January 16, 2016, RPFR File, Tab 2, the deadline was extended until January 19, 2016, because January 16, 2016, was a Saturday, January 17, 2016, was a Sunday, and January 18, 2016, was a Federal holiday. 5 C.F.R. § 1201.23.

Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security-Only covered that remained in effect for at least 3 years of service after December 31, 1986." 5 C.F.R. § 839.102; *see Poole*, 117 M.S.P.R. 516, ¶ 13. An employee who has been the subject of a qualifying retirement coverage error under FERCCA may be entitled to various forms of relief, including a choice of retirement plans. *Poole*, 117 M.S.P.R. 516, ¶ 13. A decision that affects an individual's rights or interests under FERCCA, such as an agency's determination that a retirement coverage error is not subject to FERCCA, is appealable to the Board. 5 C.F.R. § 839.1302(a).

¶10 We agree with the administrative judge that the appellant has not shown that she was subject to a qualifying retirement coverage error. RID at 5. The record reflects that the appellant resigned from her prior position with the agency on August 12, 1980, and was rehired on February 4, 1984. RF, Tab 20 at 54, 76. As of December 31, 1986, she had less than a total of 5 years of Federal service. *Id.* at 30‑36, 53–54, 76–77. Under Federal retirement law, an individual who was rehired after December 31, 1983, after a break in CSRS covered service of more than 1 year, and who had less than 5 years of Federal service as of December 31, 1986, was automatically placed in FERS, effective January 1, 1987. 5 U.S.C. § 8402(b)(2)(B); *see* CSRS and FERS Handbook for Personnel and Payroll Offices, Section 10A1.1–2 (Apr. 1988), *available at* https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/.

¶11 The appellant contends that she experienced a qualifying retirement coverage error as a result of the agency's improper failure to reinstate her in April 1983.[5] Hearing Transcript[6] (HT) at 28; RPFR File, Tab 1 at 5. In support of this

---

[5] We find unavailing the appellant's argument that she actually was reinstated in April 1983, when she was sworn-in and passed a medical examination. RPFR File, Tab 1 at 3.

[6] A copy of the hearing transcript is attached to the appellant's petition for review. RPFR File, Tab 1.

argument, she testified as follows. After she sought reinstatement on December 1, 1981, she received a call-in notice for a career position on March 26, 1983, instructing her to report to a U.S. Postal Service facility on April 8, 1983. HT at 19–21. When she reported to the location on April 8, 1983, she was sworn-in and underwent a medical examination, and was instructed to go home and wait for someone to call her with her duty location and entry-on-duty date. HT at 20–22. However, from April 8, 1983, to January 18, 1984, she was not contacted. HT at 22, 28. On January 18, 1984, she received another call-in notice for a different position, instructing her to report to a U.S Postal Service facility on January 26, 1984. HT at 28, 31; IAF, Tab 14, Subtab 6. She subsequently entered on duty on February 4, 1984, at the agency's New York FDR Station. HT at 31–32.

¶12 The appellant testified as to several other occasions in 1976 and 1980 when she sought reinstatement and received an entry-on-duty date and duty location within less than 21 days after being sworn-in and passing her medical examination. HT at 7–19. Thus, she contends that the agency was required to have reinstated her in April 1983, within less than 21 days following her April 8, 1983 swearing-in, and, in failing to do so, the agency violated various laws, rules, and regulations, including its Personnel Series Handbook P-11 (P-11 Handbook) and the CBA. HT at 28, 57; RF, Tab 29 at 1–3; RPFR File, Tab 1 at 3–7.

¶13 The appellant also testified that she believed the agency's failure to reinstate her in April 1983 was due to discrimination based on her race, color, and sex. RF, Tab 12 at 1–6; HT at 34. She testified that, upon her appointment in 1984, a nonminority male employee informed her that he was hired in 1983, despite having no prior Federal service. HT at 34–35.[7] She also testified that an April 8, 1983 personnel form improperly contained a handwritten notation of a letter "C," apparently indicating her race. HT at 36–46.

---

[7] It appears the appellant intended to state that this individual had no prior Federal service, as opposed to military service. HT at 53.

¶14    The administrative judge found that the appellant failed to identify any law or provision in the relevant CBA that the agency violated by not reinstating her in April 1983.[8]  RID at 3 n.1.  The administrative judge further found that the appellant failed to establish that the agency discriminated against her in connection with her rehiring.[9]  RID at 4.

¶15    Despite the appellant's citation of numerous laws, rules, and regulations in her pleadings both below and on review, we discern nothing that would have required the agency to reinstate her at all, or within 21 days of her passing a medical examination or being sworn-in.  The P-11 Handbook to which the

[8] The administrative judge also found that the appellant failed to establish her claim of harmful procedural error in connection with her rehiring.  RID at 4.  However, the appellant's contentions that the agency violated various laws or the CBA in failing to reinstate her in April 1983, even if true, would not constitute harmful error relevant to this FERCCA appeal.  By statute, the Board may not sustain an agency action when the agency made a harmful error in the application of the agency's procedures in arriving at the decision to take the action being appealed.  5 U.S.C. § 7701(c); *Livingston v. Department of the Air Force*, 26 M.S.P.R. 273, 275 (1985).  Here, this appeal concerns the appellant's claims under FERCCA.  Outside the context of her FERCCA appeal, the propriety of the agency's actions in failing to reinstate her in 1983 are not at issue.

[9] On review, the appellant identifies evidence and arguments made below, RPFR File, Tab 1 at 18-19, but has not provided a basis to disturb this finding, *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).  In any event, the appellant's claims of discrimination, as developed on remand, were raised in connection with her claim that the agency improperly failed to reinstate her in April 1983, which is not an appealable action and is beyond the scope of this FERCCA appeal.  *Lewis v. U.S. Postal Service*, MSPB Docket No. NY-0839-14-0278-I-1, Remand Order, ¶ 11 (Mar. 20, 2015) (remanding for consideration of the appellant's additional arguments in the context of her FERCCA claim); *see Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 20 (2015) (stating that the Board generally lacks jurisdiction to adjudicate a discrimination claim absent an otherwise appealable action); *see also Whisnant v. U.S. Postal Service*, 83 M.S.P.R. 588, ¶ 5 (1999) (holding that a nonselection is not appealable to the Board); *Metzenbaum v. Department of Justice*, 54 M.S.P.R. 32, 35-36 (1992) (finding the Board lacks jurisdiction over a former employee's appeal of the denial of his reemployment following his resignation); *Hipona v. Department of the Army*, 39 M.S.P.R. 522, 525 (1989) (stating that the Board lacks jurisdiction to review an agency's decision to deny reinstatement eligibility to an individual applying for employment).

appellant cites indicates that nonpreference-eligible[10] former career Postal employees with less than 3 years of substantially continuous service *may* be reinstated to a career position within 3 years of the date of their separation.[11] RF, Tab 20 at 64, U.S. Postal Service Personnel Series Handbook P-11, Section 261.313. The P-11 Handbook, however, affords the appointing officer discretion to fill a vacancy for a career position through any of the following methods: promotion, reassignment, change to lower level, transfer from another Federal agency, reinstatement, or selection of persons within reach on the register of eligibles for the position to be filled. *Id.*, Section 261.311.

¶16 The appellant cites to section 264.52 of the P-11 Handbook, RPFR File, Tab 1 at 5, which merely indicates that a hiring worksheet, on which eligible applicants are listed, is valid for a period of 21 days, RF, Tab 29, Subtab A at 3.[12] She has not explained, and we are unable to discern, how this section would have required the agency to reinstate her.

¶17 We also agree with the administrative judge that the appellant has not identified any policy in the relevant CBA that required the agency to reinstate her. Both below and on review, the appellant cites to Article 37 of the CBA. RF, Tab 29 at 3; RPFR File, Tab 1 at 3, 19–22. However, this article pertains to seniority with respect to assignments and other purposes, for employees already

---

[10] The appellant testified that she is not a veteran. HT at 53.

[11] The record does not include a complete copy of the P-11 Handbook. RF, Tab 20 at 64, Tab 29, Subtab A. Nor is it clear when the policies contained therein were effective. According to the agency, the P-11 Handbook was used in the early 1980s and replaced by the EL-311, Personnel Operations Handbook on February 1, 1989. RF, Tab 20 at 7.

[12] The appellant also cites to numerous other inapplicable laws, rules, regulations, and policies. RPFR File, Tab 1 at 3–28. For example, she references provisions of the P-11 Handbook, including sections 317 and 327.13, which address suitability. *Id.* at 3, 5. However, the agency does not contend and the record does not reflect that the appellant was ever found unsuitable for a position, medically or otherwise. RPFR File, Tab 3 at 10.

in the workforce, IAF, Tab 20, Subtab 1 at 71–73, not, as the appellant contends, a "pecking order" for hiring for career positions, RPFR File, Tab 1 at 19–21.

¶18    Accordingly, because we agree with the administrative judge that the appellant has not shown that she experienced a qualifying retirement coverage error based on the agency's alleged improper failure to reinstate her in April 1983, we affirm the initial decision and OPM's decision denying the appellant's request for relief under FERCCA.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[13]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

---

[13] The administrative judge provided the appellant with mixed-case appeal rights. RID at 9. Notwithstanding the appellant's claims of discrimination, nonmixed-case appeal rights are appropriate inasmuch as such claims relate solely to the agency's alleged failure to reinstate her in 1983, a matter over which the Board lacks jurisdiction and which is outside of the scope of this appeal.  Accordingly, we have provided the proper appeal rights in this Final Order.

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.